**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION**

MARK COLSTON,

     Plaintiff,

v.

GABRIEL CRAMER,

     Defendant.
                        /

CASE NO. 06-CV-14842

DISTRICT JUDGE THOMAS LUDINGTON
MAGISTRATE JUDGE CHARLES E. BINDER

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
PURSUANT TO 28 U.S.C. §§ 1915A(b), 1915e(2)(B), & 42 U.S.C. § 1997e(c)(1)**

**I.   RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that the case be *sua sponte* **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted.[1]

**II.  REPORT**

    **A.   Introduction**

Plaintiff Mark Colston[2] is a state prisoner who is currently incarcerated by the Michigan Department of Corrections ("MDOC") at its Hiawatha Correctional Facility in Kincheloe, Michigan. On October 26, 2006, Plaintiff filed a *pro se* civil rights complaint alleging that he was retaliated against by a former corrections officer in violation of his constitutional rights. United

---

[1] In the event that this Report and Recommendation is adopted, the following motion will be moot: Plaintiff's "Motion for Discovery." (Dkt. 16.)

[2] It appears that Plaintiff's last name was mistakenly docketed as "Colsten" and that the correct spelling is "Colston."

States District Judge Thomas L. Ludington referred all pretrial matters to the undersigned magistrate judge.

On January 8, 2007, Plaintiff's application to proceed without prepayment of fees was granted (Dkt. 6) pursuant to the *in forma pauperis* statute. *See* 28 U.S.C. § 1915(a)(1). After screening the *pro se* complaint, a Report and Recommendation (R&R) was filed on January 9, 2007, suggesting that the case be dismissed for failure to demonstrate exhaustion of administrative remedies as required by 42 U.S.C. § 1997e(a). (Dkt. 7.) The following day, Plaintiff filed an amended complaint.

On January 22, 2007, the United States Supreme Court decided the case of *Jones v. Bock*, ___ U.S. ___, 127 S. Ct. 910 (2007), which significantly altered the procedure in this circuit for handling prisoner civil rights cases with respect to the exhaustion of administrative remedies. On February 15, 2007, Plaintiff filed objections to the R&R. (Dkt. 12). One week later, Judge Ludington rejected the R&R and overruled the objections as moot in light of *Jones*, returning the case to the undersigned for reconsideration in light of the new rules laid down by the Supreme Court. Having reconsidered the previous recommendation, I conclude that the case is again ready for Report and Recommendation.

**B.     Exhaustion of Administrative Remedies**

As stated in the first R&R, the Prison Litigation Reform Act (PLRA) requires a prisoner to exhaust the administrative remedies available to him or her before bringing a claim under Section 1983. 42 U.S.C. § 1997e(a). The Supreme Court held in *Woodford v. Ngo*, ___ U.S. ___, 126 S. Ct. 2378, 165 L. Ed. 2d 368 (2006), that failure to "properly" exhaust bars suit in federal court. "Proper exhaustion" means that the plaintiff complied with the administrative agency's "critical procedural rules," such as time limits for filing grievances, and is a precondition to any suit

challenging prison conditions. *Id*. at 2386. Therefore, following *Woodford*, if a plaintiff's grievance was not filed in a timely manner pursuant to the state's administrative rules, the plaintiff has not properly exhausted his administrative remedies and the claim is barred.

The Court's recent decision regarding PLRA exhaustion, *Jones v. Bock, supra,* did not modify this holding regarding "proper" exhaustion. To the contrary, the Court drew upon the reasoning of *Woodford* when it struck down the Sixth Circuit's rule barring prisoners from bringing suit against any defendant whom the prisoner had not named in a first-step administrative grievance:

> In *Woodford*, we held that to properly exhaust administrative remedies prisoners must "complete the administrative review process in accordance with the applicable procedural rules," 548 U.S., at ----, 126 S. Ct. 2378 (slip op., at 5) – rules that are defined not by the PLRA, but by the prison grievance process itself. Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to "properly exhaust." The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion. As the MDOC's procedures make no mention of naming particular officials, the Sixth Circuit's rule imposing such a prerequisite to proper exhaustion is unwarranted.

*Jones,* 127 S. Ct. at 922-23.

The Court in *Jones* also struck down the Sixth Circuit's procedural rule placing the burden on prisoners to plead and prove exhaustion in their complaint, holding instead that failure to exhaust is an affirmative defense. *Id.* at 921. The Court was quick to point out, however, that this does not mean that prisoner complaints will never be subject to *sua sponte* dismissal for failure to exhaust administrative remedies:

> A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief. If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim; that does not make the statute of limitations any less an affirmative defense, *see* FED. RULE CIV. PROC. 8(c).

3

> **Whether a particular ground for opposing a claim may be the basis for dismissal for failure to state a claim depends on whether the allegations in the complaint suffice to establish that ground, not on the nature of the ground in the abstract.** *See Leveto v. Lapina*, 258 F.3d 156, 161 (C.A.3 2001) ("[A] complaint may be subject to dismissal under Rule 12(b)(6) when an affirmative defense . . . appears on its face" (internal quotation marks omitted)). *See also Lopez-Gonzalez v. Municipality of Comerio*, 404 F.3d 548, 551 (C.A.1 2005) (dismissing a complaint barred by the statute of limitations under Rule 12(b)(6)); *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 74-75 (C.A.2 1998) (dismissing a complaint barred by official immunity under Rule 12(b)(6)). *See also* 5B C. Wright & A. Miller, Federal Practice and Procedure § 1357, pp. 708-710, 721-729 (3d ed. 2004).

*Jones*, 127 S. Ct. at 920-21 (emphasis added). *Accord Ghosh v. McClure,* No. H-05-4122, 2007 WL 400648, at *6 n.3 (S.D. Tex. Jan. 31, 2007) (unpublished) ("Nothing in the Supreme Court's decision in *Jones* precludes a reviewing court from raising the issue of exhaustion *sua sponte* or dismissing the complaint without service on the defendants where the pleadings and the record confirm that a prisoner has violated 42 U.S.C. § 1997e(a) by failing to exhaust his remedies before filing suit.").

    **C.**    **MDOC Grievance Policy**

The Michigan Department of Corrections provides prisoners with a grievance procedure for bringing forward their concerns and complaints. *See* MDOC Policy Directive ("PD") 03.02.130 (eff. Dec. 19, 2003).[3] The MDOC's grievance procedure consists of steps that a prisoner must follow prior to filing a complaint in court, and each step is accompanied by a time limit. First, within two business days after becoming aware of a grievable issue, an inmate should attempt to verbally resolve the dispute with those involved. MDOC PD 03.02.130®. If such an attempt is impossible or unsuccessful, the inmate must then submit a Step I grievance form within five days. MDOC PD 03.02.130(X). The prison staff is required to respond in writing within

---

[3] This policy directive was superceded on March 5, 2007. However, since the December 2003 version was in effect at the time of the incident in question, all references herein will be to that version.

4

fifteen days, unless an extension is granted. MDOC PD 03.02.130(Y). If the inmate is not satisfied with the response, or does not receive a response within fifteen days, he then must request a Step II appeal form within five days, and has an additional five days to submit it. MDOC PD 03.02.130(DD). Once again, if the inmate is dissatisfied with the response at Step II or does not receive a Step II response within fifteen days, he has ten business days to submit a Step III appeal to the Prisoner Affairs Section. MDOC PD 03.02.130(HH). The Step III response concludes the administrative grievance process.

In addition to the usual three-step process, the grievance policy also provides that

> [a] grievant may file a grievance alleging racial or ethnic discrimination or staff brutality or corruption directly to Step III. . . . In such cases, the Step III grievance must be sent to the Prisoner Affairs Section within the time frame set forth in Paragraph X for filing Step I grievances. . . .

MDOC PD 03.02.130(S).

### E.     Discussion

In this case, Plaintiff attached to both his initial and amended complaints a copy of the grievance he submitted regarding the claim at issue in this case. (Dkt. 1 at 11; Dkt. 8 at 19.) The grievance was filed direct to Step III because Plaintiff was alleging "staff corruption," which was appropriate under the policy directive quoted above. MDOC PD 03.02.130(S). However, the grievance was rejected as being vague and, more importantly, as being untimely (*see* Dkt. 1 at 16; Dkt. 8 at 22) because, as Plaintiff indicated on the grievance itself, the date of the incident was March of 2005 and the date he submitted the grievance was August 22, 2006. (Dkt. 1 at 11; Dkt. 8 at 19.)

This documentation supplied by Plaintiff conclusively shows that his lawsuit is barred by the PLRA's exhaustion requirement, as that statute has been interpreted by the United States

5

Supreme Court.  Pursuant to *Woodford, supra,* Plaintiff failed to "properly" exhaust his administrative remedies because he did not comply with the procedural rules of the prison grievance policy when he filed his grievance more than one year after the incident occurred. *Woodford*, 126 S. Ct. at 2386.  Pursuant to *Jones*, *supra*, the complaint is subject to *sua sponte* dismissal for failure to state a claim even though failure to exhaust is an affirmative defense because in this case the affirmative defense appears on the face of the pleadings and suffices to establish the existence of the defense.  *Jones*, 127 S. Ct. at 920-21.  Thus, serving the complaint on defendant and requiring the filing of a motion to dismiss for failure to exhaust would be a waste of both this Court's valuable time and resources as well as those of the defendant.

Accordingly, I suggest that the case be *sua sponte* dismissed with prejudice for failure to state a claim upon which relief can be granted because the amended complaint conclusively shows that Plaintiff failed to comply with the mandatory exhaustion requirement of 42 U.S.C. § 1997e(a).

## III.   REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370,

1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

|  |  |
|---|---|
| Dated: March 22, 2007 | s/ *Charles E. Binder*<br>CHARLES E. BINDER<br>United States Magistrate Judge |

## CERTIFICATION

I hereby certify that this Report And Recommendation was electronically filed this date, served on Mark Colsten by first class mail, and served on District Judge Ludington in the traditional manner.

Date:  March 22, 2007                              By       s/Jean L. Broucek
                                                                     Case Manager to Magistrate Judge Binder

7