UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MARK COLSTON,

        Plaintiff,

                                              Case Number 06-14842-BC
v.                                        Honorable Thomas L. Ludington

GABRIEL CRAMER,

        Defendant.
_____/

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, OVERRULING PLAINTIFF'S OBJECTIONS, DISMISSING COMPLAINT WITH PREJUDICE, DENYING MOTIONS AS MOOT

This matter is before the Court on plaintiff Mark Colston's objections to a report issued by Magistrate Judge Charles E. Binder on March 22, 2007 recommending that the case be *sua sponte* dismissed for failure to state a claim upon which relief can be granted. After conducting a *de novo* review of the record in light of the plaintiff's objections, the Court concludes that Magistrate Judge Binder appropriately determined that the plaintiff did not exhaust administrative remedies.

The plaintiff is an inmate presently incarcerated at the Hiawatha Correctional Facility in Kencheloe, Michigan. He commenced this *pro se* prisoner civil rights action on October 22, 2006 alleging that he was retaliated against by a former corrections officer in violation of his constitutional rights. This Court's predecessor referred the matter to the magistrate judge for general case management. On January 9, 2007, the magistrate judge issued a report and recommendation pursuant to his screening function under the Prison Litigation Reform Act. He suggested that the case be *sua sponte* dismissed for failure to demonstrate exhaustion of administrative remedies.

On January 22, 2007, the Supreme handed down its decision in *Jones v. Bock*, 172 S.Ct. 910 (2007), which significantly changed the landscape with respect to pleadings in prisoner civil rights

cases. Among other things, the Court held that exhaustion of administrative remedies was an affirmative defense and that prisoners need not affirmatively plead exhaustion as a threshold to filing suit. In light of the change of law, this Court rejected the magistrate judge's report and recommendation and referred the matter to the magistrate judge for reconsideration under *Jones*.

As noted, the magistrate judge issued the instant report on March 22, 2007 and again concluded that the case was barred because the plaintiff had failed to properly exhaust administrative remedies. He reasoned as follows:

> As stated in the first R&R, the Prison Litigation Reform Act (PLRA) requires a prisoner to exhaust the administrative remedies available to him or her before bringing a claim under Section 1983. 42 U.S.C. § 1997e(a). The Supreme Court held in *Woodford v. Ngo*, ___ U.S. ___, 126 S. Ct. 2378, 165 L. Ed. 2d 368 (2006), that failure to "properly" exhaust bars suit in federal court. "Proper exhaustion" means that the plaintiff complied with the administrative agency's "critical procedural rules," such as time limits for filing grievances, and is a precondition to any suit challenging prison conditions. *Id.* at 2386. Therefore, following *Woodford*, if a plaintiff's grievance was not filed in a timely manner pursuant to the state's administrative rules, the plaintiff has not properly exhausted his administrative remedies and the claim is barred.
>
> The Court's recent decision regarding PLRA exhaustion, *Jones v. Bock*, *supra*, did not modify this holding regarding "proper" exhaustion. To the contrary, the Court drew upon the reasoning of *Woodford* when it struck down the Sixth Circuit's rule barring prisoners from bringing suit against any defendant whom the prisoner had not named in a first-step administrative grievance:
>
>> In *Woodford*, we held that to properly exhaust administrative remedies prisoners must "complete the administrative review process in accordance with the applicable procedural rules," 548 U.S., at ___, 126 S. Ct. 2378 (slip op., at 5) – rules that are defined not by the PLRA, but by the prison grievance process itself. Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to "properly exhaust." The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion. As the MDOC's procedures make no mention of naming particular officials, the Sixth Circuit's rule imposing such a

> prerequisite to proper exhaustion is unwarranted.

*Jones*, 127 S. Ct. at 922-23.

The Court in *Jones* also struck down the Sixth Circuit's procedural rule placing the burden on prisoners to plead and prove exhaustion in their complaint, holding instead that failure to exhaust is an affirmative defense. *Id.* at 921. The Court was quick to point out, however, that this does not mean that prisoner complaints will never be subject to *sua sponte* dismissal for failure to exhaust administrative remedies:

> A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief. If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim; that does not make the statute of limitations any less an affirmative defense, see FED. RULE CIV. PROC. 8(c).
>
> Whether a particular ground for opposing a claim may be the basis for dismissal for failure to state a claim depends on whether the allegations in the complaint suffice to establish that ground, not on the nature of the ground in the abstract.

*Jones*, 127 S. Ct. at 920-21 (emphasis added). *Accord Ghosh v. McClure*, No. H-05-4122, 2007 WL 400648, at *6 n.3 (S.D. Tex. Jan. 31, 2007) (unpublished) ("Nothing in the Supreme Court's decision in Jones precludes a reviewing court from raising the issue of exhaustion sua sponte or dismissing the complaint without service on the defendants where the pleadings and the record confirm that a prisoner has violated 42 U.S.C. § 1997e(a) by failing to exhaust his remedies before filing suit.").
. . .

In this case, Plaintiff attached to both his initial and amended complaints a copy of the grievance he submitted regarding the claim at issue in this case. (Dkt. 1 at 11; Dkt. 8 at 19.) The grievance was filed direct to Step III because Plaintiff was alleging "staff corruption," which was appropriate under the policy directive quoted above. MDOC PD 03.02.130(S). However, the grievance was rejected as being vague and, more importantly, as being untimely (see Dkt. 1 at 16; Dkt. 8 at 22) because, as Plaintiff indicated on the grievance itself, the date of the incident was March of 2005 and the date he submitted the grievance was August 22, 2006. (Dkt. 1 at 11; Dkt. 8 at 19.)

This documentation supplied by Plaintiff conclusively shows that his lawsuit is barred by the PLRA's exhaustion requirement, as that statute has been interpreted

> by the United States Supreme Court. Pursuant to *Woodford*, *supra*, Plaintiff failed to "properly" exhaust his administrative remedies because he did not comply with the procedural rules of the prison grievance policy when he filed his grievance more than one year after the incident occurred. *Woodford*, 126 S. Ct. at 2386. Pursuant to *Jones*, supra, the complaint is subject to *sua sponte* dismissal for failure to state a claim even though failure to exhaust is an affirmative defense because in this case the affirmative defense appears on the face of the pleadings and suffices to establish the existence of the defense. *Jones*, 127 S. Ct. at 920-21. Thus, serving the complaint on defendant and requiring the filing of a motion to dismiss for failure to exhaust would be a waste of both this Court's valuable time and resources as well as those of the defendant.

R&R at 2-6 (some citations omitted).

In his lengthy objections, the plaintiff takes issue with the factual distinctions between his case and *Ngo*. He also proceeds to address the merits of his claim. Despite his efforts, the plaintiff has not explained how his Step III grievance was timely filed. As the magistrate judge points out, the plaintiffs grievance was filed approximately seventeen months after the date of the alleged violation. However, Michigan Department of Corrections Policy Directive 03.02.130(X) expressly establishes a five day time period for filing a grievance. Under *Ngo*, the Court must observe the procedural time limits established by the department. And under *Jones*, if failure to exhaust is demonstrated on the face of the pleadings it suffices to establish that affirmative defense. In this case, there is no plausible argument that the plaintiff's grievance was timely, and the Court agrees that the plaintiff's complaint is subject to *sua sponte* dismissal.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt # 17] is **ADOPTED**, the plaintiff's objections thereto [dkt #21] are **OVERRULED**, and the complaint is **DISMISSED WITH PREJUDICE**.

It is further ordered that the plaintiff's motion for discovery [dkt # 16], motion for investigation [dkt # 18], motion for expert psychologist [dkt # 19], motion for extension of time [dkt # 20], motion to grant expert witness [dkt # 22] are **DENIED** as moot.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: June 7, 2007

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 7, 2007.

s/Tracy A. Jacobs
TRACY A. JACOBS

---